**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY** <br> 2775 Sanders Road <br> Northbrook, Illinois 60062 <br><br> *Plaintiff,* <br><br> v. <br><br> **DAIMYA GINGLES** <br> 3808 Flowerton Road <br> Baltimore, Maryland 21229 <br><br> and <br><br> **MURRAY B. GREEN** <br> 3808 Thoroughbred Lane <br> Owings Mills, Maryland 21117 <br><br> and <br><br> **DAISY REALTY, LLC** <br><br>     SERVE ON:  **MURRAY B. GREEN** <br>                          12094 Longlake Drive <br>                          Owings Mills, Maryland 21117 <br><br> *Defendants.* | * <br> * <br> * <br> * <br> *    Civil Action No. <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Allstate Insurance Company (hereinafter "Allstate"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2201, files this Complaint for Declaratory Judgment against Murray B. Green and Daisy Realty, LLC (hereinafter collectively "Green"), and further adds, Daimya Gingles as parties of interest.

**Parties**

1.      Allstate is a Delaware corporation licensed to conduct business in Maryland, and has its principal place of business in Illinois.  Allstate issued a Personal Umbrella Policy of insurance to Green.

2.      Daimya Gingles is an individual who is a resident of Baltimore City, Maryland. She is a party of interest to this declaratory action given that she is a plaintiff in the Underlying Suit.

3.      Murray Green is a resident of Baltimore County, Maryland.  Prior to the filing of this declaratory action, Murray Green was named as a defendant in *Daimya Gingles v. Murray B. Green, et al.* (Case No.: 24-C-18-000399) (hereinafter the "Underlying Suit"), whereby the plaintiff in the Underlying Suit, Daimya Gingles (hereinafter "Gingles"), alleges that she contracted poisoning from lead paint from various properties, including a property owned by Green.  The Underlying Suit currently is pending in the Circuit Court of Maryland for Baltimore City.  By the instant declaratory action, Allstate seeks a declaration regarding its contractual obligations to Green relating to the claims asserted by Gingles in the Underlying Suit.

4.      Daisy Realty, LLC, upon information and belief, is a Maryland limited liability company, with its principal place of business located at 12094 Longlake Drive, Owings Mills, Maryland 21117.  Daisy Realty, LLC is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

**Jurisdiction and Venue**

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441(b).  As required by 28 U.S.C. § 1332, there is complete diversity between the parties and damages exceed $75,000.00, as the Underlying Suit claims damages in excess of Seventy-Five Thousand Dollars

($75,000.00) and the Personal Umbrella Policy of insurance, held by Green, provides defense and indemnity coverage up to Five Million Dollars ($5,000,000). Allstate is incorporated in Delaware, with its principal place of business in Illinois. Green and Gingles are residents of Baltimore, Maryland.

6. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1), as Green resides in Maryland and Green's principal place of business is in Maryland. Venue also is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in Baltimore City, Maryland.

**Facts**

7. On or about, January 25, 2018, Gingles filed the Underlying Suit, seeking damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against Green and other defendants in the Circuit Court of Maryland for Baltimore City. The Underlying Suit alleges that Gingles contracted harmful, elevated blood lead levels due to exposure to lead paint at a residential property located at 1920 W. Lanvale Street (hereinafter the "Subject Premises"), in Baltimore City, Maryland. *See* Complaint and Demand for Jury Trial attached hereto as **Exhibit A**.

8. The Underlying Suit alleges Green owned the Subject Premises during the time period alleged in the Complaint. *See* **Exhibit A**.

9. The Complaint in the Underlying Suit indicates that Gingles resided, visited, and spent significant amounts of time at the Subject Premises from birth (December 31, 1997) through 2001. *See* **Exhibit A** at ¶ 2.

10. Allstate issued a Personal Umbrella Policy of insurance, No.: 028124368 (hereinafter the "Subject Policy"), which provided excess personal liability coverage for the

Green between January 14, 1987 through May 26, 2011, when it was cancelled. On January 14, 1999, an exclusion of coverage for claims alleging lead exposure went into effect. The Subject Policy is attached hereto as **Exhibit B**.

11. Allstate contends it has no obligation to defend and/or indemnify Green for any damages arising from Gingles' alleged exposure after January 14, 1999, when coverage for lead exposure under the Subject Policy terminated.

12. As such, Allstate contends that Green is responsible for a pro-rata portion of the indemnity arising from Gingles' allegations in the Underlying Suit.

13. Allstate generally denies that coverage is available for Green under the Subject Policy for Gingles' alleged injuries; however, in the event that coverage may be available under the Subject Policy, the Subject Policy does not provide coverage for damages that occurred on or after January 14, 1999.

## Count I – Declaratory Judgment

14. The allegations set forth in Paragraphs 1 through 13 are incorporated herein by reference.

15. An actual and immediate controversy exists between Allstate and Green with respect to Allstate's duties and obligations under the Subject Policy.

16. Allstate contends that under the Subject Policy there is no indemnity coverage for any damages arising from Gingles' lead exposure that occurred on or after January 14, 1999, when the Subject Policy expired.

17. As such, Allstate contends that Green is responsible for all damages awarded to Gingles that allegedly arose from exposure to lead occurring on or after January 14, 1999.

18.     Pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts*, Allstate is entitled to an allocation of any potential responsibility under the Subject Policy for damages arising from Gingles' alleged exposure.  668 F.3d 106 (4th Cir. 2012)

19.     Allstate is entitled to a determination of its duties with respect to Green under the terms of the Subject Policy pursuant to 28 U.S.C. § 2201.

20.     There is a bona fide, actual, present, and practical need for the declaration, which deals with a present, ascertained or ascertainable state of facts, or a present controversy as to a state of facts, and will terminate a controversy and remove an uncertainty.

WHEREFORE, Allstate respectfully requests that this Court enter an Order declaring that coverage is not available for Green under the Subject Policy for any damages caused by lead exposure to Gingles, occurring on or after January 14, 1999, that Green is responsible for all damages caused by exposure which occurred on or after January 14, 1999, and that Allstate's share of the pro-rata allocation of liability is limited to 25.94% of the total of any judgment for Gingles, with Green liable for the remaining 74.06% of the total of any judgment for Gingles, pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts,* 668 F.3d 106 (4th Cir. 2012).

    Respectfully submitted,

      */s/ Adam G. Smith*
    Paul J. Weber (Bar No. 03570)
    Adam G. Smith (Bar No. 19241)
    Sean P. Hatley (Bar No. 20139)

Amanda C. Sprehn (Bar No. 28071)
HYATT & WEBER, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland 21401
Phone:        (410) 266-0626
Facsimile:    (410) 841-5065
Email:        pweber@hwlaw.com
Email:        adamsmith@hwlaw.com
Email:        sphatley@hwlaw.com
Email:        asphren@hwlaw.com

*Counsel for Plaintiff*
*Allstate Insurance Company*